MELINDA HAAG (CABN 132612)
United States Attorney
THOMAS MOORE (ALBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
COLIN SAMPSON (CABN 249784)
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7020
    FAX: (415) 436-7009

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. CR 14-131 JST |
|---|---|---|
| Plaintiff, | ) ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | ) ) | |
| AKYSHA ROCKWELL, | ) ) | |
| Defendant. | ) ) | |

    Plaintiff, United States of America, by its undersigned attorneys, agrees with the Presentence Investigation Report ("PIR") calculation of Defendant's total offense level of 15 and the calculation of her criminal history of zero points for a category of one. The United States asserts that, contrary to the PIR recommendation of a sentence of one year and one day, the Court should enter a sentence within the United States Sentencing Guidelines range of 18 to 24 months.

    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties "may agree that a specific sentence or sentencing range is the appropriate disposition of the case." The Rule goes on to bind the Court to the parties agreement "once the court accepts the plea agreement." *Id.* The Court must either accept the agreed sentence of the parties, or it must reject the plea agreement. If the Court rejects the agreement, it

"must provide individualized reasons for rejecting the agreement, based on the specific facts and circumstances presented." *Morgan v. U.S. Dist. Ct.*, 506 F. 3d 705, 711 (9th Cir. 2007).

The Court should enter a sentence pursuant to the Sentencing Guidelines, which calls for a sentence of 18 to 24 months. Although district courts have been upheld in rejecting plea agreements "calling for a sentence the court believes 'is too lenient or otherwise not in the public interest,'" the Court should decline to do so here. *Ellis v. U.S. Dist. Ct.*, 356 F. 3d 1198, 1209 (9th Cir. 2004). The agreed sentence is not too lenient, and encompasses the Defendant's significant fraudulent conduct, which included obtaining personal information of patients at drug rehabilitation centers and using that information to file as many as 163 tax fraudulent tax returns with her coconspirator and at least 43 on her own, for a total loss of $285,034. Moreover, the PIR recommends a sentence less than that agreed by the parties, and thus the Court should decline to reject the agreement because it is too lenient. *See Ellis*, 356 F. 3d at 1209 (allowing courts to reject agreed sentences where the sentence is inadequate to "serve the public interest.").

The PIR recommends a sentence of 12 months and 1 day as adequate in this matter. However, the PIR fails to state any reasons which would warrant a departure from the Sentencing Guidelines range of 18 to 24 months for an offense level of 15 and a criminal history category of I. Indeed, the record in this matter does not support a rejection of the plea agreement as unreasonably high, as it properly includes the number of victims, scope of the offending conduct, and does not include any offense-related enhancements. As a result, the Court should accept the plea agreement and enter a sentence within the agreed guidelines range.

Respectfully submitted,

MELINDA HAAG
United States Attorney

*/s/ Colin Sampson*
COLIN SAMPSON
Assistant United States Attorney
Tax Division